IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CORAL C. MARQUEZ<br><br>PLAINTIFF<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>DEFENDANT | CIVIL NO.:<br><br><br>**TRIAL BY JURY REQUESTED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

Comes now plaintiff, Coral C. Marquez, represented by her undersigned counsel and very respectfully alleges and prays as follows:

1. This Court has federal question jurisdiction based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000-e, ("Title VII"), as amended, The Pregnancy Discrimination Act of 1978, 42 U.S.C. 2000-e (K), ("PDA").

2. Plaintiff hereby invokes this Court's supplementary jurisdiction to entertain local law claims arising under the same set of operative facts. The local laws claims in this action are based upon: Law No. 100 of June 30, 1959, as amended, Laws of P.R. Anno. 146, et seq, ("Law 100"); Law No. 69 of July 6, 1985, as amended, 29 Laws of P.R. Anno. 1321, et seq, ("Law 69"); Law No. 3 of March 13, 1942, as amended, 29 Laws of P.R. Anno. 467 et seq, ("Law 3").

3. The necessary procedural and administrative requirements to bring this action have been satisfied.

4. The proper venue is in this Court.

5. Plaintiff, Coral C. Marquez, ("Marquez"), is of legal age, U.S. citizen with residence in Puerto Rico.

6. Marquez is an individual covered and protected by the federal and local legislation invoked in this action.

7. Defendants, Delta Air Lines, Inc. ("Delta"), is an employer as defined by the federal and local legislation invoked in this action. X, Y and Z are fictitious names used to denominate any natural or juridical person that may be responsible to plaintiff due to acts alleged in this action.

8. Marquez started her career at Delta as a Ready Reserve Agent at the Luis Muñoz Marín Airport in Carolina, Puerto Rico on March 2009. Essentially, she worked at the gate and company's counter processing passengers' tickets.

9. On or around July 2013 Marquez was granted a permanent position as a Customer Service Agent. Since then, Marquez has held that position . Her evaluations have been good. She had no disciplinary measures against her. She has continuously earned yearly salary increases.

10. Marquez became pregnant during the year 2022.

11. On November 24th, 2022 while assisting on a flight she was assisted by the Station Manager, Alexis Gracía, to open up the door of a Boeing 757 aircraft.

12. Soon, thereafter, she was approached by the Operation Service Manager ("OSM"), Paola M. Guardiola who asked her whether she had any pregnancy related restrictions.

13. Specifically, was asked whether she had any limitations regarding weight lifting and or similar job activities due to her pregnancy.

14. Marquez informed that her physician has not informed her of any restriction.

15. Then, Marquez was tendered some forms advising her to contact the employer's unit that deals with special accommodations.

16. At that juncture, Marquez was about to start her vacation leave and advised her OSM that upon her return she was going to contact said unit.

17. Marquez was not then informed that she could not return to her workplace up and until cleared up by a mentioned unit.

18. Marquez did not learn so up and until she was about to come back from her vacation leave of December 4th, 2022.

19. She then received a text message from her OSM advising her not to return to work but after the mentioned unit have given her an answer.

20. Marquez informed that she an appointment with her physician coming up on December 6th, 2022.

21. On December 5th, 2022 Delta's accommodation unit replied to Marquez via e-mail stating that they did not deal short term disability and advising her to contact Sedgewick that handles leave of absences.

22. Marquez physician advise her not to lift 70 pounds bags.

23. Marquez then called Sedgewick and asked whether an accommodation was available. No accommodation was given. The only restriction she had was related to heavy strength or heavy lifting.

24. On December 14th, 2023 her OSM called Marquez and told to be "the bearer of bad news". Told that Delta could not offer her an accommodation due to her "pregnancy restrictions". Her OSM told her that in order to be kept in her position she needed to lift bags up to 50 pounds and have no other restriction.

25. Marquez during her tenure witnessed that other co-workers (male and female) have been accommodated when facing conditions with restrictions. This establishes that heavy lifting and heavy carrying are not really essential functions of the position that can be accommodated without being onerous or constitutive of an undue hardship. Specifically,

Mariela Gil-Borges (was excused from working at the gates and other stressful areas due to a mental condition); Edwin García (had a knee injury and was excused from walking, lifting and carrying); Ramón Pérez (had an ankle condition that deteriorated due to his diabetes condition- needing a special boot -was excused from walking, lifting and carrying); Ernie Díaz (due to a cardiovascular event was excused from lifting and carrying); Henry Morales (due to a knee injury was excused from lifting and carrying).  . Affording accommodations to not pregnancy related conditions and denying them when dealing with pregnancy related constitutes illegal discrimination.

26. Marquez have priorly worked with pregnant co-workers who had been accommodated which in turn, again, establishes that an accommodation due to pregnancy is not onerous, that is not an undue hardship and establishing that lifting and strength restrictions are not really essential functions of the position.  Specifically, a co-worker, Miralba Meléndez, when on maternity leave on various instances (including a high risk pregnancy) and was never removed of her position and was excused from lifting and carrying functions.

27. Thus, Marques was placed on short-term disability, which gave her a 60% salary benefit. Since December 2022 and July 2023.   Thus, suffering an adverse economic impact.

28. Due to Delta's conduct Marquez suffered mental pain, anguishes, and suffering.

29. Delta's conduct violates all the federal and local legislation invoked in this action.

30. Delta's conduct constitutes gender based and pregnancy discrimination, under the federal and local legislation invoked in this action.

31. Delta's conduct was willful and in reckless disregard to plaintiff's protected rights.

32. Marquez suffered past and future damages, of economic nature, and other damages such as pain, mental suffering, and anguishes.

33. Marquez hereby demand trial by jury.  Wherefore, it is respectfully requested from this Honorable Court:

A. To enter declaratory judgment stating that the acts complained herein are in violation of Title VII, PDA, CRA of 1991, Local Laws No. 3, 69, 100.

B. Marquez be compensated for all her economic damages and other damages such as mental pain, suffering and anguishes and other damages, in a sum of not less than $300,000.00.

C. That compensatory, punitives, liquidated, and any other type of damages applicable be imposed.

D. That all sums adjudicated by effectively double as mandated by local law;

E. That attorneys' fees and expert's fees be taxed;

F. That pre-judgment and post judgment interests be imposed;

G. That all costs and all litigation expenses be taxed;

H. That all benefits lost be compensated;

I. That injunction relief be ordered;

J. That plaintiff be granted such other further relief as it may be deem appropriate and proper

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of October of 2025.

s/Enrique J. Mendoza-Mendez
ENRIQUE J. MENDOZA MENDEZ
USDC-PR 202804

s/Enrique J. Mendoza Sánchez
ENRIQUE J. MENDOZA SÁNCHEZ
USDC-PR 307805

**MENDOZA LAW OFFICES**
P.O. BOX 9282
SAN JUAN, P.R. 00908
TEL. (787) 722-5522
FAX. (787) 72307057
mendozalo@yahoo.com